## V. LOEWERS GAMBRINUS BREWERY CO. v. BOWERS, Collector of Internal Revenue.

(District Court, S. D. New York. June 17, 1926.)

Internal revenue ⚙️11—Beverage manufacturer held to have sufficiently complied with regulations affecting deduction of delivery charges, and not liable for tax on basis of payments received, including delivery charges.

Beverage manufacturer, whose invoices contained notations that price given included a delivery charge, of a specified amount, *held* to have sufficiently complied with regulations requiring invoices to disclose "a distinct and separate delivery charge per case or other unit," and not liable for taxes on payments made for delivered goods without deduction of delivery costs.

At Law. Action by V. Loewers Gambrinus Brewery Company against Frank K. Bowers, individually and as Collector of Internal Revenue. On plaintiff's motion for directed verdict. Motion granted.

Paskus, Gordon & Hyman, of New York City, for plaintiff.

William Hayward, U. S. Atty., of New York City, for defendant.

THACHER, District Judge. In compliance with the statute and regulations, the plaintiff printed upon its invoices for bottled beverages, "The price below includes a charge of 15 cents for delivery," and upon its invoices for its products in barrels, "The price below includes a charge of $4 per barrel for delivery." This differential between delivered prices and prices at the factory had been maintained for some years prior to the period here in question. There had been no statement upon the invoices until the ruling of April 16, 1921, but the differential was well known to the plaintiff's customers and the trade generally. The actual delivery cost was accurately ascertained at the end of each month, and in making return and paying the tax the plaintiff deducted actual cost to it of delivering goods sold during the preceding month. There was some fluctuation from month to month in these cost figures, but the differential charges stated on the invoices substantially conformed with average cost figures.

The government's theory is that the plaintiff did not comply with the formal requirements of the regulation, and, not having done so, is liable for taxes upon the payments made for its delivered goods, without deduction of delivery costs. It is insisted that the invoices do not disclose "a distinct and separate delivery charge per case or other unit." In this I cannot agree. The invoices expressly state that included in the single item there is a charge per unit for delivery, the unit charge being stated in dollars or cents. It was not necessary to write the figures in two items, instead of in one, and there was in fact a separate charge for delivery, as the invoices themselves disclose.

The tax is imposed upon the selling price of the beverage. The purpose of the regulation was to permit the deduction of delivery charges, upon the theory that they are not properly included in the selling price of the product. The plaintiff was clearly within the class to which the regulation was intended to apply, and under the law as interpreted by the regulation was not required to pay taxes upon the cost of delivery. The fact that the charges were fixed, while the cost fluctuated, is not material, because the deductions made in estimating the tax were the actual delivery costs, from which it necessarily appears that taxes were fully paid upon the basis of payments received, less actual delivery costs. Whatever informalities there may have been in complying with the regulation, this cannot warrant the assessment of additional taxes, which plainly were not due under the statute as construed by the regulation.

The plaintiff's motion for the direction of a verdict is accordingly granted, and a verdict directed for the amount demanded in the complaint.